1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                                EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY HEREDIA,                    )    1:08-CV-01742 AWI GSA HC
                                         )
12                   Petitioner,         )    FINDINGS AND RECOMMENDATION
                                         )    REGARDING RESPONDENT'S MOTION
13                                       )    TO DISMISS
           v.                            )
14                                       )    [Doc. #18]
                                         )
15   ANTHONY HEDGPETH,                    )
                                         )
16                   Respondent.         )
                                         )
17   _____)

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20                                       **BACKGROUND**

21          Petitioner is currently in the custody of the California Department of Corrections pursuant to

22   a judgment of the Superior Court of California, County of Kings, following his conviction by jury

23   trial on November 18, 2003, of possession of methamphetamine, heroin, and marijuana while

24   incarcerated. (LD 1.[1]) On December 18, 2003, he was sentenced to serve an indeterminate term of 25

25   years to life in state prison. (LD 1.)

26          Petitioner appealed the judgment to the California Court of Appeals, Fifth Appellate District.

27   On September 27, 2004, the appellate court affirmed the judgment. (LD 2.)  Petitioner filed a petition

28   _____
            [1]"LD" refers to the documents lodged by Respondent with his motion to dismiss.

U.S. District Court
E. D. California        cd                              1

1  for review in the California Supreme Court. (LD 3.) The California Supreme Court denied the

2  petition on December 15, 2004. (LD 4.)

3       Petitioner filed four post-conviction collateral challenges with respect to the judgment in the

4  state courts, all petitions for writ of habeas corpus, as follows:

5       1.   Kings County Superior Court
            Filed: March 22, 2006[2];
6            Denied: June 9, 2006;

7       2.   Kings County Superior Court
            Filed: April 14, 2006;
8            Denied: June 9, 2006;

9       3.   California Court of Appeals, Fifth Appellate District
            Filed: September 19, 2006[3];
10           Denied: September 28, 2006;

11      4.   California Supreme Court
            Filed: January 26, 2007;
12           Denied: July 11, 2007.

13 (LD 5-12.)

14      On October 24, 2008, Petitioner filed the instant federal petition for writ of habeas corpus in

15 the United States District Court for the Northern District of California. The petition was ordered

16 transferred to the Eastern District on November 12, 2008. Petitioner filed a first amended petition on

17 January 28, 2009. On April 14, 2009, Respondent filed a motion to dismiss the petition as being filed

18 outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed his

19 opposition to Respondent's motion to dismiss on May 26, 2009.

                                **DISCUSSION**

20

21 A.  Procedural Grounds for Motion to Dismiss

22      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

23 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

24 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

25

26      [2]Pursuant to the mailbox rule set forth in Houston v. Lack, the Court deems the several habeas petitions filed on the
   date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their
27 receipt by the court clerk. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276,
   108 S.Ct. 2379, 2385 (1988).

28      [3]Petitioner did not date the petition; therefore, the mailbox rule cannot be applied.

1    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

2  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

3  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9ᵗʰ Cir. 1990) (using Rule

4  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

5  F.2d 599, 602-03 (9ᵗʰ Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

6  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

7  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

8  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

9    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

10  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

11  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

12  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

13  dismiss pursuant to its authority under Rule 4.

14  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

15    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

16  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

17  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

18  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9ᵗʰ Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

19  586 (1997).

20    In this case, the petition was filed on October 24, 2008, and therefore, it is subject to the

21  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

22  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

23  § 2244, subdivision (d) reads:

24      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
25      limitation period shall run from the latest of –

26        (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;
27

28        (B) the date on which the impediment to filing an application created by
       State action in violation of the Constitution or laws of the United States is removed, if

U.S. District Court
E. D. California        cd                                3

1    the applicant was prevented from filing by such State action;

2          (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
3    retroactively applicable to cases on collateral review; or

4          (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.
5
          (2) The time during which a properly filed application for State post-conviction or
6    other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.
7
     28 U.S.C. § 2244(d).
8
9          In most cases, the limitations period begins running on the date that the petitioner's direct

10   review became final.  In this case, the petition for review was denied by the California Supreme

11   Court on December 15, 2004. Thus, direct review concluded on March 15, 2005, when the ninety

12   (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle,

13   463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox,

14   159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year until March 15, 2006, absent applicable

15   tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed

16   filing the instant petition until October 24, 2008, over two and one-half years beyond the due date.

17   Absent any applicable tolling, the instant petition is barred by the statute of limitations.

18   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

19         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

20   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

21   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

22   Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

23   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

24   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

25   state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

26   1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

27   statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

28   petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

U.S. District Court
E. D. California          cd                                      4

1  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

2  the federal courts to have been untimely in state court will not satisfy the requirements for statutory

3  tolling. Id.

4       As stated above, the statute of limitations began to run on March 16, 2005, and expired on

5  March 15, 2006. Petitioner filed his first state habeas petition on March 22, 2006, in the Kings

6  County Superior Court. At that point, the limitations period had already expired.  Therefore, the state

7  habeas petitions had no tolling consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)

8  (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v.

9  Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). The

10  instant petition is untimely.

11  D.  Equitable Tolling

12       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

13  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

14  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

15  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

16  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

17  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

18  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

19  (9th Cir.1993).

20       In his opposition, Petitioner argues he should be granted equitable tolling for a period of 32

21  days for periods of time when he was placed in lockdown, restricted from accessing the law library,

22  underwent a transfer to another prison, and was not provided the correct form by the courts.

23  However, even if the Court were to grant equitable tolling for this period of 32 days, the petition

24  would remain untimely.

25       If equitable tolling for 32 days were to be granted, the limitations period would be extended

26  to include the state habeas petitions because the first state habeas petition was filed on March 22,

27  2006. If the entire time Petitioner spent exhausting his remedies in state court were tolled pursuant to

28  28 U.S.C. § 2244(d)(2), the limitations period would resume running on July 12, 2007, the day after

U.S. District Court
E. D. California        cd                              5

1   the California Supreme Court denied the last habeas petition. Given that seven days of the extended

2   limitations period had tolled from March 15, 2006, to March 22, 2006, 25 days remained in the

3   limitations period. Thus, the limitations period expired on August 6, 2007. Petitioner did not file his

4   federal petition until October 24, 2008, over a year beyond the expiration of the limitations period.

5   For these reasons, even if equitable tolling were granted, the instant petition would still be untimely.

6                                          **RECOMMENDATION**

7          Accordingly, the Court hereby RECOMMENDS that Respondent's motion to dismiss be

8   GRANTED, and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE for

9   violating the statute of limitations.

10         These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,

11  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

12  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

13  California.

14         Within thirty (30) days after being served with a copy, any party may file written objections

15  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and

17  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

18  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

19  parties are advised that failure to file objections within the specified time may waive the right to

20  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22         IT IS SO ORDERED.

23     **Dated:    June 16, 2009**              _____ /s/ **Gary S. Austin** _____
                                               UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28